IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| Deron Brunson, | ) | PER CURIAM DECISION |
| | ) | |
| Plaintiff and Appellant, | ) | Case No.20110854-CA |
| | ) | |
| v. | ) | |
| | ) | F I L E D |
| The Bank of New York Mellon FKA | ) | (August 9, 2012) |
| The Bank of New York, As Trustee | ) | |
| for the Certificateholders CWalt, Inc.; | ) | 2012 UT App 222 |
| Alternative Loan Trust 2005-58 | ) | |
| Mortgage Pass-Through Certificates, | ) | |
| Series 2005-58; ReconTrust Company, | ) | |
| N.A.; and Green Tree Servicing, LLC, | ) | |
| | ) | |
| Defendants and Appellees. | ) | |

-----

Third District, Salt Lake Department, 100913085
The Honorable Paul G. Maughan

Attorneys:     Deron Brunson, Draper, Appellant Pro Se
Michael D. Black and Rita M. Cornish, Salt Lake City, for Appellees The
Bank of New York Mellon and ReconTrust Company, N.A.
Thomas T. Billings, Mary Jane E. Galvin-Wagg, and Kelley M. Marsden,
Salt Lake City, for Appellee Green Tree Servicing, LLC

-----

Before Judges Davis, Thorne, and Christiansen.

¶1     Appellant Deron Brunson appeals from the dismissal of his case with prejudice.
The sole issue raised by Brunson is "[w]hether the court erred by treating a hearing on a
temporary restraining order as though it was a hearing on a motion to dismiss."

Brunson claims that the district court violated rule 7 of the Utah Rules of Civil Procedure by ruling without waiting for a response or a notice to submit.

¶2     This appeal involves the second of Brunson's lawsuits (the Second Action) seeking to prevent nonjudicial foreclosure of a trust deed on property located at 14772 South Golden Leaf Court in Draper, Utah. We affirmed the dismissal of Brunson's first lawsuit involving this property and loan in *Brunson v. ReconTrust Co.*, 2009 UT App 381U (per curiam) (the First Action). In April 2010, the Utah Supreme Court denied Brunson's petition for a writ of certiorari. *See Brunson v. ReconTrust Co.*, 230 P.3d 127 (Utah 2010). In July 2010, Brunson filed the Second Action, which asserted a claim for wrongful foreclosure of the same loan involving the same property. Brunson moved for a temporary restraining order (TRO) to prevent a re-noticed sale of the property. Defendants The Bank of New York (BNY) and ReconTrust opposed the TRO and moved to dismiss the Second Action based upon res judicata. The district court dismissed the Second Action, awarding attorney fees as a sanction for again filing a frivolous action.

¶3     Brunson did not object to consideration of the grounds for dismissal during the hearing; however, he belatedly raised the issue in an objection to the proposed dismissal order. Brunson has not demonstrated that the technical violation of rule 7 is reversible error. In *Crookston v. Fire Insurance Exchange*, 817 P.2d 789 (Utah 1991), the Utah Supreme Court held that violation of notice provisions for a hearing on a summary judgment motion did not prevent the trial court from considering the motion, but a grant of the motion would be void unless the violation constituted harmless error. *See id.* at 796. Harmless error is "an error that is sufficiently inconsequential that we conclude there is no reasonable likelihood that the error affected the outcome of the proceedings." *Id.* (citation and internal quotation marks omitted). Similarly, in *Kell v. State*, 2008 UT 62, 194 P.3d 913, the supreme court rejected the argument that granting summary judgment on a claim that was omitted from the summary judgment motion was reversible error because the appellant did not demonstrate that the claim "would have withstood summary judgment." *Id.* ¶ 51. Accordingly, Brunson must demonstrate on appeal "that there is a reasonable likelihood that the error affected the outcome of the proceedings." *Steffensen v. Smith's Mgmt. Corp.*, 820 P.2d 482, 489 (Utah Ct. App. 1991) (citation and internal quotation marks omitted).

¶4    In sum, the district court found, "[t]he [Second] Action, as well as the [First Action], pertain[ed] to the same loan, the same property, the same foreclosure, the same Trust Deed, and the same remedies sought . . . against the named Defendants." The First Action named as defendants ReconTrust, which is the trustee of the Trust Deed and Countrywide Home Loans, Inc., which is the servicer of the loan. The Second Action named ReconTrust, omitted Countrywide, and added BNY, which is the beneficiary of the trust deed.[1] The claims and issues in the Second Action had been previously litigated to a final judgment in the First Action. Although the district court gave Brunson an opportunity to distinguish the Second Action from the First Action, he argued only that he had not named BNY as a party in the First Action. Because the claims and issues in the Second Action had been previously litigated against parties who were in privity with BNY, this distinction does not support a different result.

¶5    Claim preclusion bars a party from prosecuting in a subsequent action a claim that has been fully litigated previously. *See Oman v. Davis Sch. Dist*., 2008 UT 70, ¶ 31, 194 P.3d 956. Issue preclusion "prevents parties or their privies from relitigating the *facts and issues* in a second suit that were fully litigated in the first suit." *Id*. "[W]here two causes of action embody the same dispositive issue, a prior determination of that issue in the context of one cause of action can have a preclusive effect in later litigation regarding the other cause of action." *Id*. The cause of action for wrongful foreclosure, including the issues related to "securitization," was litigated to final judgment in the First Action and was later affirmed on appeal. Brunson has not demonstrated that the Second Action could withstand a motion seeking dismissal based on res judicata. Any error made in considering the motion to dismiss at the TRO hearing was harmless. Similarly, the claim that Brunson was denied due process by not being allowed to re-litigate his previously litigated claims is without merit.

¶6    We affirm the dismissal of the Second Action and the award of attorney fees for filing a frivolous lawsuit. We grant BNY and ReconTrust's request for an award of attorney fees on appeal pursuant to rule 33 of the Utah Rules of Appellate Procedure based upon our determination that this is a frivolous appeal. *See* Utah R. App. P. 33.

---

[1]Although the Second Action also named Green Tree Servicing, LLC (Green Tree) as a defendant, Brunson does not challenge the dismissal of the claims against Green Tree in his notice of appeal or brief. Accordingly, he waived any challenge to Green Tree's dismissal from the case.

We remand to the district court for entry of an award of attorney fees and costs reasonably incurred by BNY and ReconTrust on appeal.


_____

James Z. Davis, Judge


_____

William A. Thorne Jr., Judge


_____

Michele M. Christiansen, Judge