**2016 UT App 101**

## THE UTAH COURT OF APPEALS

PEDRO GUTIERREZ,
Appellant,
*v.*
STATE OF UTAH,
Appellee.

Per Curiam Decision
No. 20160064-CA
Filed May 12, 2016

Third District Court, Salt Lake Department
The Honorable James T. Blanch
No. 150903672

Pedro Gutierrez, Appellant Pro Se

Sean D. Reyes and Mark C. Field, Attorneys
for Appellee

Before JUDGES GREGORY K. ORME, J. FREDERIC VOROS JR., and
STEPHEN L. ROTH.

PER CURIAM:

¶1     Pedro Gutierrez appeals the dismissal of his petition for post-conviction relief. We affirm.

¶2     Gutierrez pleaded guilty to one count of attempted rape of a child and one count of aggravated sexual abuse of a child, both first degree felonies. Before sentencing, Gutierrez sent the court a letter asking to withdraw his pleas and claiming he had not seen the discovery in the case and that he pleaded guilty because his original attorney told him that his family members would be arrested if he did not. The trial court appointed new counsel to represent Gutierrez on his plea withdrawal request. After researching the issues, new counsel stated at sentencing that there was no basis for pursuing a motion to withdraw the

guilty pleas. Gutierrez agreed to withdraw the motion, and the trial court sentenced him. Gutierrez filed an untimely pro se notice of appeal. This court dismissed the appeal. *See* Order of Summary Dismissal, Case No. 20140318-CA (July 18, 2014).

¶3     In the petition for post-conviction relief Gutierrez filed in the district court, he claimed that (1) his guilty pleas were not knowing and voluntary because he did not understand the charges and was coerced to plead by a threat of deportation; (2) the State failed to disclose evidence; and (3) he received ineffective assistance of counsel when trial counsel failed to provide him with documents or the presentence investigation report. The State moved for summary judgment based upon the preclusion provision of the Post-Conviction Remedies Act (PCRA). *See* Utah Code Ann. § 78B-9-106(1)(c) (LexisNexis 2012) (stating a petitioner "is not eligible for relief . . . upon any ground that . . . could have been but was not raised at trial or on appeal"). The district court concluded that all of Gutierrez's claims could have been raised in his motion to withdraw his guilty pleas, which he voluntarily withdrew, or in a direct appeal from his sentence, which he failed to timely pursue. Accordingly, the district court ruled that each of the claims was procedurally barred.

¶4     The district court also refused to apply a narrow exception to the PCRA's preclusion provision under which a petitioner "may be eligible for relief on a basis that the ground could have been but was not raised at trial or on appeal, if the failure to raise that ground was due to ineffective assistance of counsel." *Id.* § 78B-9-106(3). The district court reasoned that under this exception, a petitioner must assert that his attorney was the cause of his failure to raise his claims at trial or on appeal. *See Lafferty v. State*, 2007 UT 73, ¶ 44, 175 P.3d 530 ("[A] claim that could have been brought on direct appeal may not be reviewed unless the defendant's failure to bring the claim was the result of ineffective assistance of counsel."). Because

Gutierrez did not allege that failure to raise the claims in the trial court or on appeal was due to ineffective representation, the exception did not apply.

¶5    "We review an appeal from an order dismissing or denying a petition for post-conviction relief for correctness without deference to the lower court's conclusions of law." *Kell v. State*, 2008 UT 62, ¶ 8, 194 P.3d 913 (citation and internal quotation marks omitted). Each of the claims that Gutierrez raised in his post-conviction petition could have been raised in the trial court or on direct appeal. Furthermore, he did not assert that his attorney caused the failure to raise the claims in the trial court or on direct appeal in order to qualify for the limited exception to preclusion. On appeal, Gutierrez essentially repeats the claims made in his post-conviction petition without making any attempt to address the actual basis for dismissal under the PCRA's preclusion provisions. The district court did not rule on the merits of the post-conviction petition; therefore, no ruling on the merits is before us on appeal. The only issues before us concern whether the district court correctly dismissed the petition under the PCRA's preclusion provisions. Because all of the claims made in the petition were based upon facts that were known at the time he filed, and then withdrew, his motion to withdraw his guilty pleas, or were known and could have been raised in a timely direct appeal, the district court correctly ruled that the claims were procedurally barred and dismissed the petition.

¶6    Affirmed.

––––––––––