2009 UT App 51

**STATE of Utah, Plaintiff and Appellee,**

v.

**Scott Lynwood PERRY, Defendant and Appellant.**

**No. 20070694–CA.**

Court of Appeals of Utah.

Feb. 26, 2009.

---

Debra M. Nelson, Salt Lake City, for Appellant.

Mark L. Shurtleff, Atty. Gen., and Jeanne B. Inouye, Asst. Atty. Gen., Salt Lake City, for Appellee.

Before Judges Bench, Davis, and Billings.[1]

## OPINION

BENCH, Judge:

¶ 1 Defendant Scott Lynwood Perry appeals the district court's revocation of his probation, asserting that his due process rights were denied when an evidentiary hearing was conducted in his absence. Defendant's due process claim is not reviewable under plain error because Defendant's counsel invited the alleged error. Defendant's claim that he received ineffective assistance of counsel fails because Defendant did not demonstrate that he suffered any actual prejudice due to his counsel's allegedly deficient performance. We affirm.

## BACKGROUND

¶ 2 In 2003, Defendant was charged with aggravated robbery, theft by receiving stolen property, and failure to respond at the command of a police officer. Defendant pleaded guilty to the charge of aggravated robbery, received a dismissal of the other two charges, and was sentenced to an indeterminate term of five years to life in the Utah State Prison. The district court suspended the prison term and placed Defendant on probation for three years with certain conditions. These conditions included that Defendant violate no laws during the term of his probation and that he successfully complete a substance abuse treatment program known as CATS.

¶ 3 In November 2004, Adult Probation and Parole (AP & P) filed a probation viola-

1. The Honorable Judith M. Billings, Senior Judge, sat by special assignment pursuant to Utah Code section 78A-3-102 (2008) and rule 11-201(6) of the Utah Rules of Judicial Administration.

tion report, alleging that Defendant had committed five probation violations. Defendant admitted to three of the allegations. Pursuant to AP & P's recommendations, the district court modified Defendant's probation by restarting the three-year term to begin December 12, 2004.

¶ 4 Approximately two years later, AP & P filed a second probation violation report in which it alleged that Defendant had committed six new probation violations. AP & P's recommendation in this second report was that Defendant's probation be revoked and his prison term reinstated. At the order to show cause hearing on this second set of violations, Defendant admitted to only one allegation—that he failed to complete the CATS program.

¶ 5 Following the order to show cause hearing, but before the evidentiary hearing, Defendant's probation officer filed an amended order to show cause, which included allegations that Defendant had committed new offenses of forgery and theft. Defendant later pleaded guilty to the forgery charge, and the other new charges were dismissed. Defendant was sentenced to prison for forgery.

¶ 6 Defendant was incarcerated at the time of the evidentiary hearing regarding the probation violations alleged in the order to show cause, and he was not transported to the hearing. In response to Defendant's absence, the district court stated, "[Defendant]'s not here and counsel you've indicated you would be happy waiving his appearance but if he objects at some later point I guess you could let us know." Defendant's counsel then stated, "I guess so. I think that's the only thing we can do. There's no reason to keep bringing him up here for something where he's already in prison...." The district court found, "based on an earlier admission[,] that [Defendant] ha[d] violated [his] probation." Pursuant to the State's recommendation, the district court revoked Defendant's probation, imposed the original five-years-to-life term, and ordered that the sentence run concurrently with the sentence on the forgery conviction.

¶ 7 Subsequently, Defendant sent a handwritten letter to the district court, objecting to the fact that he had not been transported for the evidentiary hearing. In his letter, Defendant stated that he wanted to attend the evidentiary hearing because he "had a lot to say in [his] own defense." He also represented that he "had requested adamantly through [his] attorney that [he] should be [at the evidentiary hearing]." In the letter, Defendant essentially admitted to forging a check that he stole from his mother during a substance abuse relapse. He claimed, however, that the plea deal he made in the forgery case was contingent on the State dismissing the order to show cause regarding his probation violations.

¶ 8 On appeal, Defendant contends that his federal and state due process rights, in addition to rights given under Utah Code section 77–18–1, were violated when he was not afforded an opportunity to appear and present mitigating evidence at the evidentiary hearing. Defendant argues that the denial of his due process rights constituted plain error. Additionally, Defendant asserts that he received ineffective assistance of counsel when his attorney failed to object to the violation of his right to be present and his right to offer mitigating evidence at the evidentiary hearing. Defendant claims that he was prejudiced by his counsel's deficient performance because the district court could have suspended his probation pending the completion of his prison term in the forgery case or allowed his probation to run concurrent to his prison sentence.

## ISSUE AND STANDARD OF REVIEW

¶ 9 Defendant seeks review of his claim for due process violations under the plain error and ineffective assistance of counsel exceptions to the preservation rule. *See State v. Cram*, 2002 UT 37, ¶ 4, 46 P.3d 230 (listing plain error, exceptional circumstances, and ineffective assistance of counsel as exceptions to the requirement that issues be preserved below to be reviewable on appeal). "An ineffective assistance of counsel claim raised for the first time on appeal presents a question of law." *State v. Clark*, 2004 UT 25, ¶ 6, 89 P.3d 162.

## ANALYSIS

### I. Plain Error

■ ¶ 10 Defendant argues that the district court erred when it permitted the probation revocation hearing to go forward in his absence and in contravention of his due process rights to appear and present evidence in his behalf. This issue is reviewable as plain error. *See State v. Winfield*, 2006 UT 4, ¶ 14, 128 P.3d 1171. However, "under the doctrine of invited error, we have declined to engage in even plain error review when 'counsel, either by statement or act, affirmatively represented to the [trial] court that he or she had no objection to the [proceedings].'" *Id.* (alterations in original) (quoting *State v. Hamilton*, 2003 UT 22, ¶ 54, 70 P.3d 111). Because defense counsel in this case conceded that the evidentiary hearing could be held in Defendant's absence, we decline to review this issue as plain error.

### II. Ineffective Assistance of Counsel

■ ¶ 11 Defendant next contends that he received ineffective assistance of counsel because his counsel failed to object to holding the evidentiary hearing in Defendant's absence. To establish ineffective assistance of counsel, a defendant must demonstrate both that "counsel's performance was deficient, in that it fell below an objective standard of reasonable professional judgment," and that "counsel's deficient performance was prejudicial." *State v. Litherland*, 2000 UT 76, ¶ 19, 12 P.3d 92 (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). "To facilitate this analysis, an appellate court may skip to the second prong of the *Strickland* standard and determine that the ineffectiveness, if any, did not prejudice the trial's outcome." *State v. Goddard*, 871 P.2d 540, 546 (Utah 1994) (citing *Strickland*, 466 U.S. at 697, 104 S.Ct. 2052).

■ ¶ 12 "To show prejudice ..., the defendant bears the burden of proving that counsel's errors 'actually had an adverse effect on the defense' and that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *State v. Santana–Ruiz*, 2007 UT 59, ¶ 20, 167 P.3d 1038 (quoting *Strickland*, 466 U.S. at 693–94, 104 S.Ct. 2052). Thus, "[c]ollateral attacks based on ineffective assistance require a showing of *actual* prejudice except for the few contexts 'where counsel is either totally absent or prevented from assisting the accused during a critical stage of the proceeding.'" *State v. Alfatlawi*, 2006 UT App 511, ¶ 34, 153 P.3d 804 (emphasis added) (quoting *Kimmelman v. Morrison*, 477 U.S. 365, 381 n. 6, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986)). In other words, the "purported prejudice [the d]efendant suffered as a result of trial counsel's [errors or] omissions [must be] 'a demonstrable reality and not a speculative matter.'" *State v. Person*, 2006 UT App 288, ¶ 14, 140 P.3d 584 (quoting *State v. Chacon*, 962 P.2d 48, 50 (Utah 1998)). Furthermore, where a defendant argues that prejudice is manifest in the calculation of his sentence, he must show that he *would* have received a decreased or otherwise less harsh sentence but for his counsel's deficient performance. *See Glover v. United States*, 531 U.S. 198, 203–04, 121 S.Ct. 696, 148 L.Ed.2d 604 (2001) (explaining that an increased prison sentence can constitute prejudice in the context of ineffective assistance of counsel).

■ ¶ 13 In establishing both deficient performance and prejudice, the "defendant bears the burden of assuring [that] the record is adequate." *Litherland*, 2000 UT 76, ¶ 16, 12 P.3d 92. "The necessary consequence of this burden is that an appellate court will presume that any argument of ineffectiveness presented to it is supported by all the relevant evidence of which [the] defendant is aware." *Id.* ¶ 17. "Where the record appears inadequate in any fashion, ambiguities or deficiencies resulting therefrom simply will be construed in favor of a finding that counsel performed effectively." *Id.* Similarly, we will conclude that the defendant was not prejudiced where we have an inadequate record. *See Kell v. State*, 2008 UT 62, ¶¶ 38, 39, 194 P.3d 913 (concluding that defendant "d[id] not point to any specific instances in the record" and thereby "fail[ed] to establish prejudice by showing how the outcome of the penalty phase would have been different if not for counsel's allegedly deficient performance"); *State v. McClellan*,

2008 UT App 48, ¶ 23, 179 P.3d 825, ("[B]ecause the record on appeal does not include evidence about whether or not [former defense counsel] was screened from assisting in the prosecution, [the defendant] cannot show that counsel performed deficiently or that he was prejudiced."), *cert. granted,* No. 20080350, 199 P.3d 367, 2008 Utah LEXIS 127 (Utah July 11, 2008).

¶ 14 Here, Defendant has failed to point to any evidence in the record to support his claim of prejudice. The record is devoid of any mitigating evidence with respect to Defendant's conviction for forgery, and it contains only an unsubstantiated explanation regarding his failure to complete the CATS program. Despite the lack of evidentiary support, Defendant asserts that the district court *might* have chosen to modify his probation rather than revoke it. However, nothing demonstrates that the district court actually *would* have modified Defendant's probation, instead of following AP & P's recommendation to revoke it, had the court heard Defendant's explanation of his probation violations.[2]

¶ 15 We acknowledge that there are some circumstances in which we may presume that ineffective assistance of counsel was prejudicial. *See Kell,* 2008 UT 62, ¶ 32, 194 P.3d 913 (listing circumstances in which a defendant is entitled to a presumption of prejudice as "(1) when there is a complete denial of counsel, (2) when counsel 'entirely fails to subject the prosecution's case to meaningful adversarial testing,' and (3) when it is unlikely that any attorney could provide effective assistance under the circumstances" (quoting *United States v. Cronic,* 466 U.S. 648, 659, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984))). Defendant, however, has failed to cite any authority or otherwise "show that the circumstances surrounding his case justified a presumption of ineffective assistance of counsel." *See id.* ¶ 34. Defendant's claim of ineffective assistance therefore fails.[3]

## CONCLUSION

¶ 16 Defendant's claim for violation of his due process right to be present at the order to show cause evidentiary hearing is not reviewable as plain error because Defendant's counsel invited the alleged error. In the absence of a showing of actual prejudice or of circumstances justifying a presumption of such, we also conclude that Defendant's ineffective assistance of counsel claim fails as a matter of law.

¶ 17 Accordingly, we affirm.

¶ 18 WE CONCUR: JAMES Z. DAVIS, Judge and JUDITH M. BILLINGS, Senior Judge.

---

2. Although there is an avenue for further developing the record on appeal, *see State v. McClellan,* 2008 UT App 48, ¶ 23 n. 4, 179 P.3d 825 ("A defendant may use rule 23B of the Utah Rules of Appellate Procedure to ensure that a complete and adequate record is available for appellate review."), *cert. granted,* No. 20080350, 199 P.3d 367, 2008 Utah LEXIS 127 (Utah July 11, 2008), Defendant did not pursue it.

3. Defendant does not challenge the trial court's authority to order his prison term for the first offense to run concurrently with the prison term related to his second offense. Defendant has therefore not made any claim comparable to that of *State v. Anderson,* 2009 UT 13, 203 P.3d 990.