IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| State of Utah, | ) | MEMORANDUM DECISION |
| | ) | |
| Plaintiff and Appellee, | ) | Case No. 20100626-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (July 6, 2012) |
| Jose Hector de la Cruz-Diaz, | ) | |
| | ) | 2012 UT App 179 |
| Defendant and Appellant. | ) | |

-----

Fourth District, Provo Department, 091400620
The Honorable David N. Mortensen

Attorneys:     Ann P. Boyle and Michael D. Esplin, Provo, for Appellant
               Mark L. Shurtleff and Andrew F. Peterson, Salt Lake City, for Appellee

-----

Before Judges Orme, Roth, and Christiansen.

CHRISTIANSEN, Judge:

¶1     Defendant Jose Hector de la Cruz-Diaz appeals his jury convictions of two counts of sodomy upon a child, first degree felonies. *See generally* Utah Code Ann. § 76-5-403.1 (2008). He raises several claims of ineffective assistance of counsel. We affirm.

¶2     "An ineffective assistance of counsel claim raised for the first time on appeal presents a question of law." *State v. Perry,* 2009 UT App 51, ¶ 9, 204 P.3d 880 (internal quotation marks omitted). To prevail on an ineffective assistance claim, "the defendant bears the heavy burden of satisfying both of the following prongs: 'First, the defendant must show that counsel's performance was deficient,'" *State v. Lenkart*, 2011 UT 27, ¶ 25, 262 P.3d 1 (quoting *State v. Templin*, 805 P.2d 182, 186 (Utah 1990)); and "'[s]econd, the

defendant must show that the deficient performance prejudiced the [outcome of his case],'" *id.* (second alteration in original) (quoting *Strickland v. Washington,* 466 U.S. 668, 687 (1984)).

¶3     De la Cruz-Diaz first claims that his trial counsel was ineffective because he failed to properly investigate and prepare the case. De la Cruz-Diaz maintains that, had his counsel reviewed the victim's medical records and the Children's Justice Center's (CJC) evaluation, he would not have improperly promised the jury, in opening statements, that de la Cruz-Diaz's innocence would be demonstrated by a lack of physical evidence. More specifically, he asserts that counsel should not have assured the jury that the State's expert witness would testify that child sexual abuse cases typically present physical manifestations. De la Cruz-Diaz cites *State v. Lenkart,* 2011 UT 27, 262 P.3d 1, to support his claim that counsel's failure to adequately investigate the evidence and prepare the case constituted deficient performance. *See id.* ¶¶ 36, 44 (concluding that counsel's failure to adequately investigate and present exculpatory evidence was deficient and that "there is a reasonable probability that the outcome of the trial would have been different" had the exculpatory evidence been presented).

¶4     "In establishing both deficient performance and prejudice, the 'defendant bears the burden of assuring [that] the record is adequate.'" *Perry,* 2009 UT App 51, ¶ 13 (quoting *State v. Litherland,* 2000 UT 76, ¶ 16, 12 P.3d 92). And where the record is inadequate as to either prong, we construe any deficiencies "'in favor of a finding that counsel performed effectively.'" *Id.* (quoting *Litherland,* 2000 UT 76, ¶ 17). De la Cruz-Diaz does not point us to any place in the record that demonstrates where counsel failed to adequately investigate or review the medical records and CJC evaluation. Significantly, in his motion for remand pursuant to rule 23B of the Utah Rules of Appellate Procedure, de la Cruz-Diaz did not claim that counsel failed to properly investigate and prepare the case. *See* Utah R. App. P. 23B(b) ("The motion shall include or be accompanied by affidavits alleging facts not fully appearing in the record on appeal that show the claimed deficient performance of the attorney."); *State v. Johnston,* 2000 UT App 290, ¶ 8, 13 P.3d 175 ("[R]ule [23B] is a means to supplement the record with facts now known, even though not previously elicited in the record."). As a result

of the inadequate record, we presume that counsel performed effectively.[1] *See Litherland*, 2000 UT 76, ¶¶ 16-17; *Perry*, 2009 UT App 51, ¶ 13.

¶5    De la Cruz-Diaz next argues that his trial counsel performed ineffectively when he failed to consult with and call an expert witness to testify about "the scientific research [pertaining to] . . . the dangers of leading interviews or the susceptibility of young children to suggestion which could have explained why [the victim] would testify that he was abused by de la Cruz-Diaz." De la Cruz-Diaz complains that a nurse who interviewed the victim at the hospital "used potentially coercive investigative questioning and techniques . . . [that could have] potentially induced false or faulty memories . . . in [the victim's] mind by asking him if de la Cruz-Diaz 'placed his penis in the butt.'" An expert witness, he argues, would have given the jury the information it needed to reach a reliable verdict.

¶6    De la Cruz-Diaz, however, fails to provide support in the record for his claim that counsel did not consult with an expert. We previously denied de la Cruz-Diaz's motion for remand on this claim, pursuant to rule 23B of the Utah Rules of Appellate Procedure, stating, "[T]here is no support for . . . [de la Cruz-Diaz's] allegation" "that trial counsel failed to investigate the possibility of calling an expert witness" because "[t]rial counsel did not provide an affidavit regarding the scope of his investigation or trial choices. As a result, [de la Cruz-Diaz's] motion is not sufficiently supported to permit review." On appeal, de la Cruz-Diaz does not challenge our denial of his rule 23B motion. As explained above, we presume that counsel performed effectively where the record does not demonstrate otherwise. *See Litherland*, 2000 UT 76, ¶¶ 16-17; *Perry*, 2009 UT App 51, ¶ 13. Therefore, we are unwilling to conclude that counsel performed ineffectively by allegedly failing to call and consult with an expert witness.

---

[1]De la Cruz-Diaz also fails to point to any evidence of prejudice and instead merely states in one sentence that counsel's alleged deficiencies "prejudiced [him] as he was unable to present an adequate defense to the jury." We decline to address any issue that has been inadequately briefed. "Implicitly, rule 24(a)(9) [of the Utah Rules of Civil Procedure] requires not just bald citation to authority but development of that authority and reasoned analysis based on that authority. . . . [T]his court is not a depository in which the appealing party may dump the burden of argument and research." *State v. Thomas*, 961 P.2d 299, 305 (Utah 1998) (internal quotation marks omitted); *see also* Utah R. App. P. 24(a)(9) (requiring an appellant's "argument [to] contain the contentions and reasons . . . with respect to the issues presented").

¶7      Even if we assumed that counsel's performance was deficient by not calling an expert witness to rebut the State's case, de la Cruz-Diaz has not convinced us that "counsel's errors 'actually had an adverse effect on the defense' and that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *See State v. Santana-Ruiz,* 2007 UT 59, ¶ 20, 167 P.3d 1038 (quoting *Strickland v. Washington*, 466 U.S. 668, 693-94 (1984)).  De la Cruz-Diaz claims that his counsel's failure to call an expert witness impacted the verdict because "[t]he failure to have the evidence reviewed by a defense expert deprived the jury of key information needed for them to make a reliable determination of the facts and resulted in an unreliable verdict."  However, during his CJC interview and through his own testimony at trial, the victim testified about instances of abuse in far greater detail than could have been suggested to him in the form of leading questions by the nurse.  Essentially, de la Cruz-Diaz requests that we speculate as to the effect a rebuttal witness would have had on the jury.  "[P]roof of ineffective assistance of counsel cannot be a speculative matter but must be a demonstrable reality."  *Fernandez v. Cook*, 870 P.2d 870, 877 (Utah 1993).  De la Cruz-Diaz's ineffective assistance claim thus fails on this ground.

¶8      Next, de la Cruz-Diaz claims that his trial counsel performed ineffectively by failing to require the State to prove that de la Cruz-Diaz was the requisite age for purposes of the district court's jurisdiction, i.e., by proving that he committed the crimes as an adult.  At trial, de la Cruz-Diaz testified that he was born in January of 1991, but the criminal information states that he was born in January of 1990.  De la Cruz-Diaz also testified at trial that he could not remember whether he told the court at his arraignment that he was born in 1990 or 1991.  However, we do not consider this evidence because the transcript of the arraignment is not part of the record on appeal.  The record is also devoid of any evidence that would confirm his age.  Thus, de la Cruz-Diaz fails to demonstrate that either the State or his counsel should have known that his date of birth was possibly one year later than as stated in the information.[2]  Because the

---

[2]Furthermore, de la Cruz-Diaz can do little more than speculate that the abuse did not occur after he turned eighteen.  If de la Cruz-Diaz was in fact born in January of 1991, then he committed the abuse during a period of at least a few weeks after he turned eighteen in January of 2009, before the victim and his family moved to a different apartment.  The victim testified that the Defendant had abused him "[a]lmost every day" up until the time his family moved into a different apartment, and the

(continued...)

record is inadequate, we are unable to evaluate whether counsel was deficient in failing to pursue a challenge to the State's claim that de la Cruz-Diaz was eighteen years of age or older at the time he committed the crimes, and we therefore assume that counsel performed competently. *See Litherland,* 2000 UT 76, ¶ 17 ("Where the record appears inadequate in any fashion, ambiguities or deficiencies resulting therefrom simply will be construed in favor of a finding that counsel performed effectively.").

¶9     De la Cruz-Diaz also argues that his trial counsel performed deficiently when he failed to object to certain out-of-court statements of the victim admitted through the State's direct examination of two nurses, which, he maintains, bolstered the victim's credibility. De la Cruz-Diaz specifically argues that, pursuant to rule 801(d)(1)(B) of the Utah Rules of Evidence, the nurses should not have been permitted to testify about the victim's prior statements before the victim had been cross-examined about those statements.[3]

¶10     Even assuming that those testimonies were inadmissible, in order to demonstrate that his counsel's performance was deficient, de la Cruz-Diaz "must identify specific 'acts or omissions' which, under the circumstances, 'show that counsel's representation fell below an objective standard of reasonableness.'" *State v. Lenkart*, 2011 UT 27, ¶ 27, 262 P.3d 1 (quoting *Strickland,* 466 U.S. at 690). "To determine whether a defendant has met this substantial burden, we 'must "eliminate the distorting effects of hindsight . . . and . . . evaluate the conduct [complained of] from counsel's perspective at the time [it occurred]."'" *State v. Charles*, 2011 UT App 291, ¶ 29, 263 P.3d 469 (alterations and omissions in original) (quoting *Menzies v. Galetka,* 2006 UT 81, ¶ 89, 150 P.3d 480 (quoting *Strickland,* 466 U.S. at 688)), *cert. denied*, 272 P.3d 168 (Utah 2012). Therefore, "so long as 'a rational basis for counsel's performance can be articulated, we will assume counsel acted competently,'" and "[b]efore we will reverse a conviction based on ineffective assistance of counsel, we must be persuaded that there was no

---

[2](...continued)
victim's mother testified that the family had moved to a different apartment around mid-February 2009.

[3]De la Cruz-Diaz also argues that the victim's out-of-court statements were excludable under rule 803(4) of the Utah Rules of Evidence because, rather than being "for the purposes of medical diagnoses or treatment," they were "testimonial in nature." *See generally* Utah R. Evid. 803(4) (providing the hearsay exception for a "statement made for medical diagnosis or treatment").

conceivable tactical basis for counsel's actions." *Id.* (quoting *State v. King*, 2010 UT App 396, ¶ 31, 248 P.3d 984).

¶11    The State has articulated a rational basis for counsel's failure to object to any potentially inadmissible statements from the two nurses. Both nurses' testimony permitted counsel, in his cross-examinations and in his closing argument, to highlight the inconsistencies of the victim's allegations, most notably how often the abuse occurred and how the victim's description of the abuse differed from the medical findings. The State has persuaded us that counsel made a tactical decision to allow the nurses' testimony so that counsel could later draw out the inconsistencies in the victim's allegations. We accordingly determine that counsel's strategy meets an objective standard of reasonableness.

¶12    Last, de la Cruz-Diaz claims that the combination of errors in this case "was so harmful that [his] conviction should be reversed under the cumulative error doctrine." "Because [de la Cruz-Diaz] has failed to establish any errors of counsel that prejudiced his right to a fair trial, the doctrine of cumulative error does not apply." *See Parsons v. Barnes*, 871 P.2d 516, 530 (Utah 1994).

¶13    Affirmed.


_____
Michele M. Christiansen, Judge


-----


¶14    WE CONCUR:


_____
Gregory K. Orme, Judge


_____
Stephen L. Roth, Judge