**2013 UT App 93**

# THE UTAH COURT OF APPEALS

STATE OF UTAH,

*Plaintiff and Appellee,*

*v.*

DUANE KYLE WYMAN,

*Defendant and Appellant.*

Memorandum Decision
No. 20120293-CA
Filed April 18, 2013

Third District, Tooele Department
The Honorable Robert Adkins
No. 111300137

John Pace, Attorney for Appellant
John E. Swallow and Mark C. Field, Attorneys for Appellee

JUDGE CAROLYN B. MCHUGH authored this Memorandum
Decision, in which JUDGES GREGORY K. ORME
and MICHELE M. CHRISTIANSEN concurred.

McHUGH, Judge:

¶1      Duane Kyle Wyman appeals from his convictions of theft, a third degree felony, *see* Utah Code Ann. § 76-6-404 (LexisNexis 2012) (elements); *id.* § 76-6-412(b) (penalties), and criminal mischief, a third degree felony, *see id.* § 76-6-106(2)(c).[1] We affirm.

---

1. Because there have been no substantive changes to the relevant sections of the Utah Code, we cite the current version of the code for the reader's convenience.

¶2      In 2011, Wyman took several hundred pounds of brass sprinkler heads from the irrigation equipment on a number of alfalfa farms and sold them to a recycling company for scrap value. On March 17, 2011, the State filed an information against Wyman (the First Case), charging him with theft and criminal mischief. Wyman and the State later reached a plea agreement in which Wyman agreed to plead guilty to theft as a third degree felony and to pay restitution. In exchange, the State agreed to dismiss the criminal mischief charge and to recommend that Wyman serve no jail time. During the change of plea hearing on May 10, 2011, the district court explained to Wyman that a third degree felony is punishable by a fine and an indeterminate prison term of zero to five years. The district court then ordered Adult Probation and Parole (AP&P) to prepare a presentence report. In the resulting report, AP&P recommended, among other things, that Wyman pay restitution and be placed on probation for a period of thirty-six months.

¶3      While awaiting sentencing in the First Case, Wyman used an ax to disconnect a neighbor's sprinkler pipe and then removed the attached sprinkler heads. As a result, on July 11, 2011, the State filed two additional charges of criminal mischief and theft against Wyman (the Second Case). Later, the State agreed to dismiss the theft charge in the Second Case in exchange for Wyman's guilty plea to criminal mischief. The district court entered the plea and advised Wyman that a third degree felony is punishable by a fine and incarceration for an indeterminate term of zero to five years. In addition, the district court asked Wyman whether he understood that "because there are two cases, that the [c]ourt can impose consecutive sentences and if the [c]ourt did that, the maximum period of time that you could be required to serve at the Utah State Prison on these two cases would be ten years[?]" Wyman responded affirmatively. The district court then scheduled a sentencing hearing and ordered another presentence report. In that second report, AP&P recommended that Wyman be committed to the Utah State Prison.

¶4    At the sentencing hearing for both cases, a Tooele County attorney (Prosecutor), who had not appeared at prior hearings, represented the State.[2] Prosecutor requested that Wyman be sent directly to prison, and he urged the court to consider consecutive sentences. The district court sentenced Wyman to prison for an indeterminate term of zero to five years for theft in the First Case, and imposed an identical sentence for criminal mischief in the Second Case. The court also ordered that the two sentences would run consecutively. Wyman filed a timely appeal.

¶5    Wyman argues that he received constitutionally deficient assistance of counsel at his sentencing hearing when his defense counsel failed to object to Prosecutor's participation at the sentencing hearing because Prosecutor and his father are alfalfa farmers and members of the community harmed by Wyman's acts. "An ineffective assistance of counsel claim raised for the first time on appeal presents a question of law," which we review for correctness. *State v. Ott*, 2010 UT 1, ¶ 16, 247 P.3d 344 (citation and internal quotation marks omitted).

¶6    The Sixth Amendment to the United States Constitution guarantees a criminal defendant's right to effective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 684–86 (1984). In order to show that he was deprived of his right to effective assistance of counsel, Wyman must establish "(1) 'that counsel's performance was so deficient as to fall below an objective standard of reasonableness' and (2) 'that but for counsel's deficient performance there is a reasonable probability that the outcome of the trial would have been different.'" *See State v. King*, 2012 UT App 203, ¶ 13, 283 P.3d 980 (quoting *State v. Hales*, 2007 UT 14, ¶ 68, 152 P.3d 321). "Failure to satisfy either component of this test is fatal to

---

2. There is some indication in the record that Prosecutor was involved in these cases before sentencing because defense counsel mentioned him by first name at the change of plea hearing in the First Case.

an ineffective assistance of counsel claim." *Id.* (citation and internal quotation marks omitted). Defense counsel's performance is "presumed to be part of a sound trial strategy . . . within the wide range of reasonable professional assistance." *Id*. ¶ 14 (omission in original) (citation and internal quotation marks omitted). This presumption of effective assistance of counsel "may be overcome only if there is a lack of any conceivable tactical basis for counsel's actions." *Id*. (citation and internal quotation marks omitted).

¶7    Wyman contends that his defense counsel was ineffective because he should have objected to Prosecutor's participation at the sentencing hearing on the ground that Prosecutor had a conflict of interest. Wyman claims that because Prosecutor and his father are alfalfa farmers and members of the community harmed by Wyman's acts, Prosecutor should not have represented the State in this matter. Wyman further claims that Prosecutor advocated in favor of consecutive sentences due to his personal interests.

¶8    We first consider whether an actual conflict of interest existed that might give rise to a valid objection to Prosecutor's participation in the sentencing hearing. Wyman's conflict of interest claim focuses on two statements Prosecutor made during the sentencing hearing. The portion of the relevant colloquy is as follows:

> [PROSECUTOR]: The restitution that's been requested compensates them for the parts to put the sprinklers back together. What it doesn't begin to compensate them for is the inconvenience of having the stuff broken and not working when it should be working. The sun only shines so many days, *we only have so many growing days in a season here* in the State of Utah . . . .
>
> . . . .

> THE COURT: [Prosecutor], the restitution that's set out in the pre-sentence report on [p]age 2, does that include all of the restitution that is owed on the second case . . . ?
>
> [PROSECUTOR]: Yes. And the new case, your Honor, actually, the—owner went and had—had a friend do the repairs and I think he took—he took from existing parts that he had and he declined to submit any information as to what he thinks he should be compensated. He said it—it's hard to figure out the value, I—*I fixed it with stuff that I had.* So he hasn't submitted anything. So what you've got, your Honor, I believe to be complete.

(Emphasis added.) In Wyman's view, Prosecutor's use of the pronoun "we" in explaining that "we only have so many growing days in a season here" reveals that Prosecutor is an alfalfa farmer,[3]

---

3. Wyman also asks us to take judicial notice pursuant to rule 201 of the Utah Rules of Evidence of the fact that Prosecutor's father is president of a statewide organization of farmers and ranchers and that the father is a cattle and alfalfa producer. We decline to do so. *See Finlayson v. Finlayson*, 874 P.2d 843, 847 (Utah Ct. App. 1994) ("Judicial notice is taken on appeal only where there is a compelling countervailing principle to be served. . . . Further, mandatory judicial notice is limited to the trial court." (citations and internal quotation marks omitted)). *But see* Utah R. Evid. 201 advisory committee's note ("Subdivision (c) is discretionary, but subdivision (d) requires the court to take judicial notice if requested by a party and if supplied with the necessary information to make a determination of whether to take judicial notice."). Even if we did take judicial notice of this fact, it would not alter our analysis because it would not establish that Prosecutor could not represent the State in this matter. *See State v. Balfour*, 2008

(continued...)

and that Prosecutor considered himself among the injured farmers. Wyman also interprets Prosecutor's statement that "I fixed it with stuff that I had" as an admission that Prosecutor himself helped the farmer whose sprinkler heads were stolen in the second incident, thereby making Prosecutor a victim who suffered a direct loss caused by Wyman's actions. The State argues that Wyman's assertion of a conflict is not supported by the record.

¶9    We agree with the State that there is no direct evidence that supports Wyman's speculation that Prosecutor is an alfalfa farmer. Moreover, such an inference cannot be supported by Wyman's strained interpretation of these passages of the transcript. With respect to Prosecutor's first statement, the more appropriate interpretation is that Prosecutor was speaking in generalities and used the pronoun "we" to refer to all citizens of Utah, not specifically to himself as an alfalfa farmer. In the second quote, it is clear from reading Prosecutor's statements as a whole that Prosecutor was paraphrasing what the injured farmer had told him about the cost of repairs. Prosecutor begins his sentence with "he said," referring to the farmer, and then uses the pronoun "I" while quoting the farmer. When read carefully, the statement does not suggest that Prosecutor repaired the farmer's irrigation system. Instead, Prosecutor is simply repeating the farmer's report that the farmer fixed the damage to his own irrigation system.

¶10    Accordingly, there is no record evidence that Prosecutor had a conflict of interest. As a result, defense counsel would have had no reason to object to Prosecutor's involvement in the sentencing

---

3. (...continued)
UT App 410, ¶ 33, 198 P.3d 471 ("In Utah, a conflict of interest exists when counsel [may] . . . make choices advancing other interests to the detriment of his client." (alteration and omission in original) (citation and internal quotation marks omitted)). Prosecutor's sentencing recommendations were not contrary to the State's interests.

hearing. "[T]he failure of counsel to make motions or objections which would be futile if raised does not constitute ineffective assistance." *State v. Whittle*, 1999 UT 96, ¶ 34, 989 P.2d 52 (alteration in original) (citation and internal quotation marks omitted). Likewise, defense counsel's failure to make such an objection did not fall below an acceptable level of performance. *See State v. Kelley*, 2000 UT 41, ¶ 26, 1 P.3d 546; *Whittle*, 1999 UT 96, ¶ 34.

¶11     Wyman also asserts that he was prejudiced by his attorney's failure to object to Prosecutor's conflict of interest because the district court imposed consecutive prison sentences only upon Prosecutor's urging.[4] However, we have concluded that defense counsel was not ineffective on this ground. Thus, we need not address whether the outcome, i.e., the district court's choice of sentence, might have been different had defense counsel objected to Prosecutor's participation in the matter.[5] *See State v. King*, 2012 UT App 203, ¶ 13, 283 P.3d 980 (noting that in order "[t]o prove a claim of ineffective assistance, the defendant must show" both defective performance and prejudice).

---

4. Wyman does not allege that the district court imposed an illegal sentence on appeal.

5. Wyman asserts that Prosecutor sought "a sentence harsher than that recommended by AP&P." However, we agree with the State that AP&P's recommendations did not address whether the sentences for the First Case and the Second Case should run concurrently or consecutively. In addition, "[w]hile sentencing courts take into account all the relevant circumstances, a trial court is not bound by the sentencing recommendations of [AP&P] or by the requests of the parties . . . . Moreover, the recommendations of the prosecutor or any other party are not binding upon the court." *State v. Moreau*, 2011 UT App 109, ¶ 11, 255 P.3d 689 (second alteration in original) (citation and internal quotation marks omitted).

¶12    Because no evidence indicates that an actual conflict of interest existed, defense counsel did not perform deficiently when he did not object to the participation of Prosecutor. Accordingly, we reject Wyman's claim of ineffective assistance of counsel.

¶13    Affirmed.

―――――――