**2017 UT App 8**

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
ELIZABETH VICTORIA COOK,
Appellant.

Memorandum Decision
No. 20150847-CA
Filed January 12, 2017

Fifth District Court, Cedar City Department
The Honorable Thomas M. Higbee
No. 155500004

Matthew D. Carling, Attorney for Appellant

Scott Garrett and Chad E. Dotson, Attorneys
for Appellee

JUDGE GREGORY K. ORME authored this Memorandum Decision,
in which JUDGES J. FREDERIC VOROS JR. and STEPHEN L. ROTH
concurred.

ORME, Judge:

¶1 Elizabeth Victoria Cook appeals her conviction for driving under the influence of alcohol with a passenger under sixteen years of age, a class A misdemeanor. *See* Utah Code Ann. §§ 41-6a-502(1)(a), -503(1)(b)(ii) (LexisNexis 2010). Cook raises three claims on appeal, none of which are meritorious. We affirm.

¶2 While responding to an unrelated report of an abandoned vehicle, an officer observed an ATV traveling at high speed on a

snow-covered road.[1] The officer saw three individuals on the ATV: a ten-year-old child in the front, Cook in the middle, and an eighteen-year-old male in the back. The officer also noticed that Cook was holding a beer can in one hand and the handlebars with the other. The officer pulled the ATV over.

¶3 When the officer approached the ATV, the beer can had disappeared. Although she denied having consumed alcohol that day, Cook smelled of alcohol, behaved belligerently, and slurred her words. Eventually, the officer found an open, half-consumed can of beer in the snow, which the male told him belonged to Cook. The officer then found another can of beer in Cook's pocket.

¶4 After being arrested and transported to the Iron County Jail, Cook submitted to standard sobriety tests and a chemical breath test. Cook failed the sobriety tests and had a breath alcohol concentration (BAC) of .119 grams, well over the legal limit of .08. *See* Utah Code Ann. § 41-6a-502(1)(a) (stating that "[a] person may not operate or be in actual physical control of a vehicle" if a test reveals that a person "has a blood or breath alcohol concentration of .08 grams or greater"). Cook was charged with driving under the influence of alcohol with a passenger under the age of sixteen. Following a bench trial, Cook was convicted and sentenced.

¶5 Cook makes three arguments on appeal. First, she argues that she was not in "actual physical control" of the ATV because the child was driving. "[W]e review the trial court's conclusion

---

1. "On appeal from a bench trial, we view the evidence in a light most favorable to the trial court's findings, and therefore recite the facts consistent with that standard." *Lake Philgas Service v. Valley Bank & Trust Co.*, 845 P.2d 951, 953 n.1 (Utah Ct. App. 1993).

that [Cook] was in actual physical control of the vehicle for correctness." *See In re C.L.*, 2004 UT App 229U, para. 1. Second, she argues that the trial court erroneously admitted the results of her breathalyzer test. "We review a trial court's decision to admit or preclude evidence" for an abuse of discretion. *State v. Vialpando*, 2004 UT App 95, ¶ 8, 89 P.3d 209. Third, Cook claims that her trial counsel rendered constitutionally ineffective assistance. "An ineffective assistance of counsel claim raised for the first time on appeal presents a question of law, which we review for correctness." *State v. Wyman*, 2013 UT App 93, ¶ 5, 300 P.3d 1285 (citation and internal quotation marks omitted).

¶6     In Utah, a person may not legally be in "actual physical control of a vehicle"[2] if the person "has sufficient alcohol in the person's body that a subsequent chemical test shows that the person has a blood or breath alcohol concentration of .08 grams or greater *at the time of the test*."[3] Utah Code Ann. § 41-6a-502(1)(a) (LexisNexis 2010) (emphasis added). Cook first claims that she was not in "actual physical control" of the ATV because

---

2. The term "motor vehicle" includes "off-highway vehicle[s]," such as ATVs. *See* Utah Code Ann. § 41-22-2(11)(b) (LexisNexis 2010).

3. Cook asserts that the State was required to establish that she had a BAC above .08 grams at the time she was in "actual physical control" of the vehicle. But this is incorrect. Utah's DUI statute "plainly does not require the State to establish that a person had a BAC of .08 or greater at the time he or she operated or controlled a vehicle." *State v. Manwaring*, 2011 UT App 443, ¶ 34, 268 P.3d 201. Rather, the State must establish that a defendant had a BAC of .08 grams or greater "at the time of the subsequent chemical test." *Id.* This is a reasonable statutory provision given the tendency of an alcohol concentration to dissipate over time.

the child was driving. We consider whether Cook was in actual physical control of the vehicle by examining "the totality of the circumstances." *See Vialpando*, 2004 UT App 95, ¶ 22 (citation and internal quotation marks omitted).

¶7     In its ordinary sense, the term "actual physical control" means "existing or present bodily restraint, directing influence, domination or regulation." *State v. Bugger*, 483 P.2d 442, 443 (Utah 1971) (citation and internal quotation marks omitted). "A person need not actually move, or attempt to move, a vehicle in order to have actual physical control; the person only needs to have 'the apparent ability to start and move the vehicle.'" *State v. Barnhart*, 850 P.2d 473, 477 (Utah Ct. App. 1993) (quoting *Garcia v. Schwendiman*, 645 P.2d 651, 654 (Utah 1982)). Because "there is a distinction between operating a vehicle and having actual physical control of a vehicle, a person need not operate, or attempt to operate, a vehicle before he or she may be found to be in actual physical control." *Id.* at 479.

¶8     Cook claims that she had her hands on the handlebars for the sole purpose of protecting the ten-year-old while the vehicle came to a halt. Even if we assume that this is true and that Cook had some similar purpose when the officer saw her speeding along with one hand on the handlebars, Cook nonetheless had actual physical control of the vehicle. According to the child's trial testimony, Cook assisted in steering by guiding the child's shoulders. The child testified that Cook helped her steer "at first" because she "almost crashed." Thus, we conclude, under the totality of the circumstances, that Cook's conduct qualified as actual physical control over the vehicle even if the child was driving.

¶9     Second, Cook contends that the trial court erroneously admitted the breathalyzer test results, arguing that the officer improperly administered the test. Before presenting evidence of breathalyzer results, the State must demonstrate that

(1) the [breathalyzer] machine had been properly checked by a trained technician, and that the machine was in proper working condition at the time of the test; (2) the test was administered correctly by a qualified operator; and (3) a police officer observed the defendant during the fifteen minutes immediately preceding the test to ensure that the defendant introduced nothing into his or her mouth during that time.

*State v. Vialpando*, 2004 UT App 95, ¶ 14, 89 P.3d 209.

¶10    Cook argues that the requirement for a fifteen-minute observation period was not met, because the officer used his phone to start the fifteen-minute observation period and used the breathalyzer to mark the end of it. Thus, according to Cook, the two separate devices may not have been synchronized and the requisite minimum observation period may not have been satisfied. The administering officer's trial testimony, credited by the trial court, dispels this argument. The officer explained that the breathalyzer uses a fifteen-minute timer that starts when the officer enters the necessary information. Here, the officer testified that the machine was working properly when he entered the necessary information, that he observed more than the requisite waiting period as marked by the breathalyzer, and that he properly administered the test. Accordingly, we conclude that the trial court did not abuse its discretion in admitting the breathalyzer test results.

¶11    Finally, Cook argues that her trial counsel rendered constitutionally ineffective assistance by failing to more thoroughly develop the motion to suppress. "To establish ineffective assistance of counsel, a defendant must demonstrate both that counsel's performance was deficient . . . and that counsel's deficient performance was prejudicial." *State v. Perry*, 2009 UT App 51, ¶ 11, 204 P.3d 880 (citation and internal

quotation marks omitted). "Failing to file a futile motion does not constitute ineffective assistance of counsel." *State v. Heywood*, 2015 UT App 191, ¶ 48, 357 P.3d 565.

¶12   Cook's trial counsel filed a pretrial motion to suppress, claiming that the breathalyzer results were inadmissible. And at trial, counsel objected to the breathalyzer results because the officer had purportedly used two separate timepieces when he administered the test. Cook claims that her trial counsel was ineffective because he failed to thoroughly articulate that objection in the pretrial motion to suppress. Because we conclude that the admissibility requirements regarding the breathalyzer results were satisfied, a more fully developed motion to suppress, premised on this theory, would not have succeeded. Therefore, Cook's trial counsel was not ineffective when he failed to more fully develop a futile argument in the motion to suppress.

¶13   Affirmed.

———————