**2015 UT App 144**

## THE UTAH COURT OF APPEALS

JASON TYLER HAMBLIN,
Petitioner and Appellant,
*v.*
STATE OF UTAH,
Respondent and Appellee.

Memorandum Decision
No. 20130415-CA
Filed June 4, 2015

Third District Court, Salt Lake Department
The Honorable Randall N. Skanchy
No. 120901750

Andrew Parnes and Brent A. Gold, Attorneys
for Appellant

Sean D. Reyes and Andrew F. Peterson, Attorneys
for Appellee

JUDGE MICHELE M. CHRISTIANSEN authored this Memorandum
Decision, in which JUDGES GREGORY K. ORME and JOHN A.
PEARCE concurred.

CHRISTIANSEN, Judge:

¶1      Jason Tyler Hamblin appeals from the district court's ruling
on his petition for postconviction relief. Hamblin argues that his
trial counsel and appellate counsel rendered constitutionally
ineffective assistance. We conclude that Hamblin's claims of trial
counsel's ineffectiveness are procedurally barred and that he has
failed to demonstrate that appellate counsel was constitutionally
ineffective. We therefore affirm.

¶2     Hamblin was accused of sexually abusing a minor who temporarily lived with him at his stepmother's house.[1] The victim accused Hamblin of a number of sexual offenses against her, including several instances of object rape. The State charged Hamblin with multiple sexual-abuse offenses against the victim, including one count of object rape. The probable cause statement filed in support of the information included an averment that Hamblin had abused the victim by placing a lightbulb in her rectum. Before the preliminary hearing, however, the State amended the information to remove the reference to the lightbulb and to change the object-rape charges to two counts based on an averment that Hamblin had abused the victim with two other objects. At the preliminary hearing, the victim testified to the two instances of object rape alleged in the amended information. When asked if Hamblin had abused her with "other objects other than those two," the victim denied that Hamblin had abused her with any other objects. The victim also testified that she had been sexually abused by her brother (Brother).

¶3     At trial, defense counsel planned to attack the victim's credibility by highlighting the inconsistency between her initial accusations and her preliminary-hearing testimony regarding whether Hamblin abused her with a lightbulb. Defense counsel sought to persuade the jury that the victim "had attributed acts of sexual abuse to the Defendant that had been committed by [Brother]" and thereby undermine the accuracy and reliability of her testimony. On cross-examination, defense counsel confronted the victim with the inconsistency between her initial accusation against Hamblin and her preliminary-hearing testimony. Defense counsel highlighted the victim's detailed description of the abuse she had related involving Hamblin and the lightbulb and asked the

---

1. This decision recounts only those details of the offenses and proceedings necessary to understand the issues on appeal. Further background information is contained in our decision affirming Hamblin's convictions on direct appeal. *See generally State v. Hamblin*, 2010 UT App 239, 239 P.3d 300.

victim to explain why she had initially accused Hamblin of abuse that she now attributed to Brother. The victim conceded that she was "confused for a long time" regarding who had abused her and that "it got all kind of jumbled up" but that she now knew Brother, not Hamblin, had abused her with the lightbulb.

¶4 Defense counsel argued in closing that all of the instances of abuse the victim testified to had been committed by Brother and not by Hamblin. The jury convicted Hamblin of one count of rape of a child, one count of sodomy on a child, and two counts of sexual abuse of a child but acquitted Hamblin of the remaining four charges, including both charges of object rape.

¶5 Hamblin moved for a new trial, arguing that the prosecution had failed to disclose that the victim had recanted her accusation that Hamblin abused her with a lightbulb and that the nondisclosure was a *Brady* violation.[2] *State v. Hamblin*, 2010 UT App 239, ¶ 10, 239 P.3d 300. The district court denied Hamblin's motion, and he appealed. *Id.* This court affirmed, concluding that if any *Brady* violation had occurred, Hamblin was not prejudiced, because defense counsel had effectively used the evidence to his advantage once it came to light at trial. *Id.* ¶ 17. This court observed that defense counsel had effectively impeached the victim by highlighting the discrepancy between her initial accusations and trial testimony:

> The victim's credibility was very much at issue throughout the entire trial, and the evidence of the victim's recantation and Brother's admission to abusing her with a light bulb came out in a way that was quite helpful to Hamblin. Disclosure of the recantation midtrial bolstered the defense's claim

---

2. *Brady v. Maryland* establishes that the prosecution must disclose to the defendant before trial any "evidence favorable to an accused" if that evidence is "material either to guilt or to punishment." 373 U.S. 83, 87 (1963).

that the victim could not really remember who assaulted her and that, over time, she would come to realize that, as typified by the light bulb episode, all the assaults were perpetrated by Brother. Further, Hamblin's trial counsel was able to utilize this evidence to effectively attack the victim's credibility by questioning her regarding the discrepancies in her original and subsequent allegations. Indeed, Hamblin was ultimately acquitted on four of the counts against him, including all object-rape counts.

*Id.*

¶6 Thereafter, Hamblin filed the present petition in the district court for relief under the Post-Conviction Remedies Act (the PCRA). He argued, among other things, that trial counsel rendered ineffective assistance by failing to "investigate or request discovery about the significant change in [the victim's] testimony" and for recommending that Hamblin proceed to trial with a strategy of impeaching the victim with her inconsistent statements rather than accepting a plea agreement or seeking a mistrial.[3] Hamblin also argued that counsel for his direct appeal rendered ineffective assistance by failing to "raise the issues of violations of [Hamblin's] Sixth Amendment rights" in a motion under rule 23B of the Utah Rules of Appellate Procedure and thereby obtain an evidentiary hearing that Hamblin asserts would have led to a reversal of his convictions. The district court denied Hamblin's first claim as procedurally barred and granted summary judgment to the State on his remaining claims. Hamblin appeals.

¶7 "We review an appeal from an order dismissing or denying a petition for post-conviction relief for correctness without

---

3. Hamblin raised other claims of trial counsel's ineffectiveness in his PCRA petition, but he has not challenged on appeal the district court's rulings on those claims. We therefore do not discuss them further.

deference to the lower court's conclusions of law." *Taylor v. State*, 2012 UT 5, ¶ 8, 270 P.3d 471 (citation and internal quotation marks omitted).

## I. Ineffective Assistance of Trial Counsel

¶8     Hamblin argues that two of the district court's rulings regarding trial counsel's performance are erroneous. First, he argues that the district court erred in concluding that his failure-to-investigate claim was procedurally barred. Second, he argues that the district court erred in determining that trial counsel did not perform deficiently by advising Hamblin to reject a plea offer and proceed to trial with a strategy of impeaching the victim. Because we conclude that both of Hamblin's claims that trial counsel rendered ineffective assistance are procedurally barred, we affirm the district court's denial of relief.

¶9     Generally, a claim is barred under the PCRA if it "was raised or addressed at trial or on appeal" or "could have been but was not raised at trial or on appeal." Utah Code Ann. § 78B-9-106(1)(b), (c) (LexisNexis Supp. 2011). Where a claim that trial counsel was ineffective "could have been but was not raised" on appeal, that claim is barred under the PCRA, and we may consider only whether appellate counsel was constitutionally ineffective for failing to raise the claim on appeal. *Ross v. State*, 2012 UT 93, ¶¶ 24–25, 293 P.3d 345 (citation and internal quotation marks omitted).

¶10     We conclude that both of Hamblin's claims of ineffective assistance of trial counsel could have been but were not raised on appeal and are therefore barred. Hamblin was represented by new counsel on direct appeal who could have raised these claims that trial counsel was constitutionally ineffective. Hamblin has identified no evidentiary or legal bases for these claims that were unavailable to appellate counsel at the time of his appeal or otherwise demonstrated that these claims could not have been brought on appeal. We are therefore precluded from directly

assessing the merits of Hamblin's claims that trial counsel was ineffective. *Id.*

## II. Ineffective Assistance of Appellate Counsel

¶11 Nevertheless, Hamblin may obtain relief under the PCRA if he demonstrates that appellate counsel's failure to argue trial counsel's ineffectiveness was itself ineffective assistance of counsel. *Id.* ¶ 24; *see also* Utah Code Ann. § 78B-9-106(4). Because Hamblin's "claim that his appellate counsel was ineffective is intertwined with and dependent upon his claim that his trial counsel was ineffective," we must "examine the merits of the claim of ineffective assistance of trial counsel" to determine if appellate counsel rendered ineffective assistance. *Ross*, 2012 UT 93, ¶ 25 (citation and internal quotation marks omitted). However, "we may examine the merits of that claim 'only to the extent required to address' the ineffective assistance of appellate counsel claim." *Id.* (quoting Utah Code Ann. § 78B-9-106(4) (LexisNexis 2012)).

¶12 "The standard for evaluating whether appellate counsel is ineffective is the same *Strickland* standard used to determine whether trial counsel is ineffective." *Kell v. State*, 2008 UT 62, ¶ 42, 194 P.3d 913. To succeed on a claim of ineffective assistance of counsel, a defendant must show both "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "To show that appellate counsel was ineffective in failing to raise a claim, the petitioner must show that the issue [was] obvious from the trial record and . . . probably would have resulted in reversal on appeal." *Kell*, 2008 UT 62, ¶ 42 (alteration and omission in original) (citation and internal quotation marks omitted). "Finally, when making a claim under the PCRA, the petitioner bears the burden of establishing ineffective assistance of appellate counsel." *Ross*, 2012 UT 93, ¶ 24.

¶13 Hamblin first argues that appellate counsel should have raised a claim that trial counsel was ineffective for failing to

discover that "long before trial, [the victim] corrected the initial incorrect statement that [Hamblin] abused her with a light bulb" and for failing to investigate the victim's change in testimony. Hamblin argues that had appellate counsel "properly investigated and obtained trial counsel's file," appellate counsel would have discovered this claim.

¶14    However, even if we assume appellate counsel performed deficiently in failing to investigate and raise this claim, Hamblin has not shown that he was prejudiced by appellate counsel's performance, because he has not shown that raising the claim "probably would have resulted in reversal on appeal." *Kell*, 2008 UT 62, ¶ 42 (citation and internal quotation marks omitted). Indeed, Hamblin does not even assert that a reversal on appeal was likely if appellate counsel had raised this claim, let alone explained why. Accordingly, Hamblin has failed to carry his burden of establishing that appellate counsel was ineffective for failing to raise this claim. *See Ross v. State*, 2012 UT 93, ¶ 24, 293 P.3d 345.

¶15    Next, Hamblin argues that appellate counsel rendered ineffective assistance by failing to claim that trial counsel was ineffective for recommending Hamblin proceed to trial rather than accept a plea bargain. To determine whether appellate counsel's decision not to raise this claim prejudiced Hamblin, we must evaluate trial counsel's actions to determine if the claim "probably would have resulted in reversal on appeal," *Kell*, 2008 UT 62, ¶ 42 (citation and internal quotation marks omitted). Because we conclude that Hamblin has failed to demonstrate that trial counsel was constitutionally ineffective, he was not prejudiced by appellate counsel's decision not to raise this claim on appeal.

¶16    To demonstrate that trial counsel performed deficiently, Hamblin "must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland,* 466 U.S. at 689 (citation and internal quotation marks omitted). We therefore must determine if "a rational basis for counsel's performance can be articulated," and if

so, we will "assume counsel acted competently." *State v. Lucero*, 2014 UT 15, ¶ 43, 328 P.3d 841 (citation and internal quotation marks omitted). To "eliminate the distorting effects of hindsight," we "evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689.

¶17    During trial, as a result of certain errors that are not before us in this matter, the trial court offered to declare a mistrial and the State offered Hamblin a plea deal. According to Hamblin, trial counsel advised him to reject the offers because counsel "liked the jury" and believed that, once he cross-examined the victim and highlighted the inconsistencies in her testimony, the jury would acquit Hamblin on all charges. Hamblin argues that trial counsel's strategy was fatally flawed because the victim was prepared to deal with the inconsistencies in her testimony and that trial counsel should have recognized that "his defense strategy had been discredited by the [S]tate prior to trial." Hamblin asserts that trial counsel's decision to go forward with this strategy was not "based on proper investigation to support a strategic decision" because trial counsel either "overlooked" or "negligently failed to take into account this information."

¶18    However, at the time of trial, defense counsel knew that the State had struck the lightbulb-abuse charge from the information, that the victim had not testified to the lightbulb abuse at the preliminary hearing, and that the victim had, in fact, testified at the preliminary hearing that she had not been abused by Hamblin with any objects other than those included in the information. Accordingly, trial counsel would have known that the victim was unlikely to testify that Hamblin had abused her with a lightbulb and no further investigation was necessary to determine whether to proceed with the impeachment strategy.

¶19    Moreover, we are not convinced that trial counsel's strategy of impeaching the State's key witness with her inconsistent testimony regarding who had abused her was objectively deficient. The State presented no physical evidence linking Hamblin to the

crimes, and the only direct evidence of his involvement came from the victim's testimony. Accordingly, it was not objectively unreasonable for trial counsel to recommend seeking a full acquittal by undermining the victim's credibility. Indeed, Hamblin was acquitted of all of the object-rape charges—those charges most directly impacted by trial counsel's impeachment of the victim. That trial counsel's strategy was not as effective as he had hoped does not render it objectively unreasonable. Rather, given what trial counsel knew at the time, and because that knowledge of the victim's likely testimony was adequate to assess the viability of an impeachment strategy, we conclude that trial counsel did not perform deficiently by recommending Hamblin proceed to trial on a strategy of impeachment rather than taking the plea. Because a claim that trial counsel was ineffective in this regard would not have likely resulted in a reversal on appeal, Hamblin was not prejudiced by appellate counsel's failure to raise it. *Kell v. State*, 2008 UT 62, ¶ 42, 194 P.3d 913.

¶20     Finally, Hamblin argues that appellate counsel's failure to raise the issues of trial counsel's ineffectiveness in a rule 23B motion is a stand-alone basis for reversal of his convictions. Rule 23B permits a party to an appeal in a criminal case to move the appellate court for a temporary remand to the district court for the entry of factual findings necessary to resolve a claim of ineffective assistance of counsel. Utah R. App. P. 23B(a). However, Hamblin "cannot meet his burden [to show ineffective assistance of counsel] by merely pointing out what counsel did not do; he must bring forth the evidence that would have been available in the absence of counsel's deficient performance." *State v. Lee*, 2014 UT App 4, ¶ 12, 318 P.3d 1164.

¶21     Hamblin has not identified the evidence he believes appellate counsel should have sought to enter into the record under rule 23B. Because it is "improper to remand a claim under rule 23B for a fishing expedition," Hamblin has not demonstrated that a rule 23B motion by appellate counsel would have been well taken. *See State v. Griffin*, 2015 UT 18, ¶ 19 (citation and internal

quotation marks omitted). Accordingly, Hamblin has not demonstrated that he was prejudiced by his appellate counsel's decision not to file such a motion.

¶22   Affirmed.

————